UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD J. MUSCHONG, DARLENE J.
MUDD, GROVER H. MUDD and RUTH
A. ARNOLD, an individual

        Plaintiffs,

v.                              Case No:  2:13-cv-705-FtM-38CM

MILLENNIUM  PHYSICIAN  GROUP,
LLC,

        Defendant.
_____/

## ORDER[1]

      This matter comes before the Court on the Plaintiffs, Ronald J. Muschong, Darlene

J. Mudd, Grover H. Mudd, and Ruth A. Arnold's Motion to Strike Defendant's Affirmative

Defenses  (Doc. #22) filed on December 10, 2013.  The Defendant, Millennium Physician

Group, LLC. (Millennium) filed its Response in Opposition (Doc. #34) on March 21, 2014.

The Motion us now ripe for the Court's review.

      Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c).  The

Rule states in pertinent part  that "a party shall set forth affirmatively accord and

satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge

in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c).  Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005).   In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).   A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

An Affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law. Microsoft Corp., 211 F.R.D. at 683.  An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  Harvey, 2005 WL 1421170.  To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. Id. (citing Reyher v. Trans World Airlines, Inc., 881 574, 576 (M.D. Fla. 1995)).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Hansen v. ABC Liquors, Inc., 2009 WL 3790447 *1 (M.D. Fla. November 9, 2009).   Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a

defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Hansen, 2009 WL 3790447 at *1 (citing  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).

The Plaintiffs move to strike the Defendants Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19.  The Court will address each affirmative defense in order.

### *Affirmative Defense Number 1*

Millennium's first Affirmative Defense states "Some or all of Plaintiffs' allegations fail to state a claim for which relief can be granted."  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." S.E.C. v. BIH Corp., 2013 WL 1212769, *1 (M.D. Fla. March 25, 2013) (citing Wright v. Southland Corp., 187 F.3d 1287, 1302 (11th Cir.1999)).  Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." BIH Corp., 2013 WL 1212769 at *1 (citing Fed. R. Civ. P. 8(b)(1)(A)).  As with any pleading, an affirmative defense must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and state a plausible defense, Ashcroft v. Iqbal, 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

Here Millennium merely denies the claim against it but without any specifics.  The Affirmative Defense does nothing more than recite the standard for a motion to dismiss

under Fed. R. Civ. P. 12(b)(6) and is therefore insufficient and due to be striken. Falzarano v. Retalim Brand Alliance, Inc., 2008 WL 899257 * 1 (S.D. Fla. March 31, 2008).

*Affirmative Defense Number 2*

Millennium's second Affirmative Defense states "Some or all of Plaintiffs' claims are barred by the applicable statute of limitations."  The second Affirmative Defense, although stated in general terms, gives the Plaintiff sufficient notice of a statute of limitations defense.  Smith v Wal-Mart Stores, Inc., 2012 WL 2377840 *5 (N.D. Fla. June 25, 2012).  Moreover a statute of limitations defense is specifically enumerated in Fed. R. Civ. P. 8(c).  Thus, the Motion to Strike is denied as to Affirmative Defense number 2.

*Affirmative Defense Number 3*

The third Affirmative Defense states in pertinent part "Upon information and belief, Plaintiffs have failed to mitigate their damages, including bringing to the attention of Defendant any alleged barriers, or requesting Defendant provide any alternative access to its facility."  The Plaintiff argues that the statement is factually inaccurate, however, it is Millennium's burden to prove the affirmative defense.  Further, at the pleading stage, the Court will assume the truth of the facts asserted in both Plaintiff's Complaint and Defendant's Affirmative Defenses and not resolve factual disputes. Ramnarine v. RG Group, Inc., 2012 WL 2735340, 3 (S.D. Fla. July 9, 2012) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L.Ed.2d 59 (1984) ("the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."); Holtzman v. B/E Aerospace, 2008 WL 2225668, at * 1 (S.D. Fla. May 29, 2008) ("When considering a motion to strike an affirmative defense,

the Court must accept as true the allegations in the affirmative defense."). Therefore, the Motion is due to be denied.

### *Affirmative Defense Number 4*

The Fourth Affirmative Defense states "Based upon information or belief, some or all of the Plaintiffs have no standing to bring these claims."  The Plaintiffs state Millennium did not set forth sufficient factual elements to meet its claimed affirmative defense that they lack standing to bring the instant claim.  The Court rejects Plaintiff's argument that the Court should strike this affirmative defense because he has pled sufficient facts to demonstrate standing.  At the pleading stage, the Court will assume the truth of the facts asserted in both Plaintiff's Complaint and Defendant's Affirmative Defenses and not resolve factual disputes. RG Group, Inc., 2012 WL 2735340 at * 3 (citing Hishon, 467 U.S. at 73) (holding "the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."); Holtzman, 2008 WL 2225668, at * 1("When considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense.").

Although standing is not listed among the eighteen defenses, nothing in the language of Rule 8(c) purports to limit what may be pled as affirmative defenses. Ramnarine v. CP RE Holdco 2009-1, LLC, 2013 WL 1788503, *4 (S.D. Fla. April 26, 2013) (citing Gwin v. Curry, 161 F.R.D. 70, 71 (N.D.Ill.1995) (describing Rule 8(c) as "set[ting] out a *nonexclusive* ... list of [affirmative defenses]") (emphasis added). Moreover, numerous courts have allowed standing to be pled as an affirmative defense. *See, e.g.,* Achievement & Rehabilitation Ctrs., Inc. v. City of Lauderhill, 2012 WL 6061762, *1 (S.D. Fla. Dec.6, 2012) ("there is no basis to strike affirmative defense[ ] ... 8 (standing) ....

Th[is] defense[ ][is] not 'patently frivolous or clearly invalid as a matter of law. [It raises] substantial questions of law better decided after factual development."); Guididas v. Cmty. Nat'l Bank Corp., 2013 WL 230243, *2 (M.D. Fla. January 22, 2013) ("The affirmative defense of standing is not insufficient nor frivolous and should not be stricken").

Nevertheless, it is true that some courts that have specifically analyzed whether standing qualifies as an affirmative defense have concluded that it does not for reasons other than the fact that standing does not appear on the Rule 8(c) list. *See* Native American Arts, Inc., 253 F.Supp.2d at 1045. In Native American Arts, Inc., for example, the court, in determining that the defendant had not waived the defense of standing by failing to plead it as an affirmative defense, first held that standing is not an affirmative defense because the plaintiff bears the burden of pleading and proving standing, whereas the defendant must shoulder the burden of pleading and proof on affirmative defenses. Id.

The Native American Arts Court is, of course, correct that the party invoking federal jurisdiction shoulders the burden of proving standing. Bischoff v. Osceola Cnty., 222 F.3d 874, 878 (11th Cir.2000). And, the Eleventh Circuit has noted that the "[t]he party asserting an affirmative defense usually has the burden of proving it." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir.1988) (citation and internal quotation marks omitted). But even assuming that standing does not technically meet the definition of an affirmative defense, it may still be viewed as a type of denial. The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial. Lugo v. Cocozella, LLC, 2012 WL 5986775, *1 (S.D. Fla. Nov.29, 2012) (citation omitted). And, whether regarded as a specific denial or an

6

affirmative defense, Defendants' invocation of standing still "serve[s] the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co., 2008 WL 3200691, *1 (M.D. Fla. Aug.6, 2008). Nor, at this point, does whether Defendants' standing theory is regarded as a denial or an affirmative defense affect how the parties will proceed, as a practical matter. Therefore, the Court denies Plaintiff's Motion to Strike Millennium's Fourth Affirmative Defense and will treat the Fourth Affirmative Defense as a denial.

<em><u>Affirmative Defense Number 5</u></em>

Millennium states as its Fifth Affirmative Defense "To the extent any barriers to accessibility existed, Defendant provided legally sufficient alternative access and equivalent facilitation."  The Plaintiff argues this Affirmative Defense should be stricken because it is factually inaccurate.  Contrary to the Plaintiffs' position, when considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense. RG Group, Inc., 2012 WL 2735340, at 3 (citing Holtzman, 2008 WL 2225668, at * 1).  Thus, the Motion to Strike the Fifth Affirmative Defense is denied.

<em><u>Affirmative Defense Number 6</u></em>

The Sixth Affirmative Defense states "Plaintiffs' Complaint fails to set forth facts sufficient to constitute a claim or state a claim upon which relief may be granted against Defendant, as it fails to meet the pleading requirements of Ashcroft v. Iqbal, 129 S. Ct. 1937, 1049 (2009) and Twombly v. Bell Atlantic Corp., 550 U.S. 544, 555 (2007)."

Similar to the First Affirmative Defense, Millennium merely denies the claim against it but without any specifics.  The Affirmative Defense does nothing more than recite the

7

standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and is therefore insufficient and due to be striken. Falzarano v. Retalim Brand Alliance, Inc., 2008 WL 899257 * 1 (S.D. Fla. March 31, 2008).

<u>*Affirmative Defense Number 7*</u>

Millennium's Seventh Affirmative Defense states "Subsequent remedial actions have rendered this case moot." The Plaintiffs argue the Seventh Affirmative Defense should be stricken because it is factually inaccurate and invalid as a matter of law. However, as noted above when considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense. RG Group, Inc., 2012 WL 2735340, at 3 (citing Holtzman, 2008 WL 2225668, at * 1). Thus, the Motion to Strike the Seventh Affirmative Defense is due to be denied.

<u>*Affirmative Defense Number 8*</u>

The Eighth Affirmative Defense states "To the extent that any barriers to accessibility do exist, removal of the same is not readily achievable." The Plaintiffs argue that Affirmative Defense number 8 should be stricken because it is improper as a matter of law. Millennium seems to concede that the Eighth Affirmative Defense is not a true affirmative defense but argues that it is a denial and as such it should not be stricken. Number 8 is not an affirmative defense but a denial of the Plaintiffs claim found in the Complaint that the barrier removal at the specified Millennium clinics are readily achievable. (Doc. #1, ¶ 14). Millennium denies the claim that the barriers are readily removable and therefore, the Eighth Affirmative Defense is a denial. When a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial.

RG Group, Inc., 2012 WL 2735340, at *4.  Thus, the Court will not strike the Eighth Affirmative Defense but treat it as a denial.

*Affirmative Defense Number 9*

The Ninth Affirmative Defense states that "Some of the facilities at issue are existing facilities under the terms of the ADA and its regulations."  The Plaintiff argues that the Ninth Affirmative Defense is merely a statement regarding some of Millennium's facilities and that mere fact that some facilities are existing facilities under the ADA is irrelevant.

Contrary to the Plaintiffs' argument, the ADA subjects properties to different modification standards depending on when the properties were constructed. RG Group, Inc., 2012 WL 2735340, at *4.  While newly constructed facilities must comply with the ADA's Accessibility Guidelines, 28 C.F.R., Part 36 (hereinafter, the "ADAAG"), existing facilities need only make modifications when said modifications are "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).  "Readily achievable" means "easily accomplished and able to be carried out without much difficulty or expense." RG Group, Inc., 2012 WL 2735340, at *4 (citing 28 C.F.R. § 36.304(a) (preexisting facilities must remedy accessibility barriers "where such removal is readily achievable, *i.e.,* easily accomplishable and able to be carried out without much difficulty or expense"). Even if a facility is not required to comply with the ADAAG, the ADAAG are still relevant for the purpose of evaluating whether architectural barriers are present in existing construction. RG Group, Inc., 2012 WL 2735340, at *4 (citing Parr v. L & L Drive–Inn Restaurant, 96 F.Supp.2d 1065, 1086 (D. Haw. 2000)). That stated, there is nothing improper about

Defendant asserting an affirmative defense that it need not comply with the ADAAG for new construction if its structures were already in existence at the time the ADA took effect.

### Affirmative Defense Number 10

The Tenth Affirmative Defense states "The requested alterations are structurally impractical."  The Plaintiff argues the Tenth Affirmative Defense should be stricken because it is insufficient as a matter of law as it fails to provide fair notice as required by the Federal Rules of Civil Procedure.  The term structurally impractical refers to the new construction standard and not the readily achievable or technically infeasible standard found for structures built prior to the ADA. Lugo v. Cocozella, LLC., 2012 WL 5986775, *1 (S.D. Fla. November 29, 2012).  However, as noted above, when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial. RG Group, Inc., 2012 WL 2735340, at *4.  Thus, the Court will not strike the Tenth Affirmative Defense but treat it as denial.

### Affirmative Defense Number 11

The Eleventh Affirmative Defense states "Defendant has made reasonable modifications in policies, practices and procedures to the extent necessary to afford goods, services, facilities, privileges, advantages or accommodations to disabled individuals."  The Plaintiffs argue that the Eleventh Affirmative Defense is false and insufficient as a matter of law because it fails to put them on notice.

Again, as noted above when considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense. RG Group, Inc.,

2012 WL 2735340, at 3 (citing Holtzman, 2008 WL 2225668, at * 1).  Thus, the Motion to Strike the Eleventh Affirmative Defense is due to be denied.

### *Affirmative Defense Number 12*

The Twelfth Affirmative Defense states "Defendant is entitled to recover court costs and attorneys' fees for the defense of Plaintiffs' action because this action is frivolous and without foundation in law or fact."  The Plaintiff argues that the Twelfth Affirmative Defense is frivolous and should be stricken as such.  Millennium argues that the Affirmative Defense puts the Plaintiff on notice that it intends to raise the issue of voluntary compliance.  Putting the Plaintiff on notice that Millennium will seek attorney's fees and costs should it prevail is not an affirmative defense.  Thus the Twelfth Affirmative Defense is due to be stricken.

### *Affirmative Defense Number 13*

Millennium states in its Thirteenth Affirmative Defense "All requests for equitable relief, including monetary damages that may constitute equitable relief if the award is incidental to or intertwined with injunctive relief, are not for a jury to determine, both as to the availability of the remedy and the amount of any award."  The Plaintiff argues that the Thirteenth Affirmative Defense is wrong as a matter of law because when a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." Tull v. U.S., 481 U.S. 412, 425 (1987); Curtis v. Loether, 415 U.S. 189, 196 n.11 (1974).  Millennium did not offer a response to the Motion to Strike the Thirteenth Affirmative Defense.  Thus the Thirteenth Affirmative Defense will be stricken because when a legal claim is joined with an equitable

claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.

### *Affirmative Defense Number 14*

The Fourteenth Affirmative Defense states "Defendant is not a direct recipient or a program or activity receiving federal financial aid for purposes of applying the Rehabilitation Act."  The Plaintiff argues that the Fourteenth Affirmative Defense should be stricken because it is false because Millennium obtains Medicare payments for treatment of patients.  Millennium argues that under the Rehabilitation Act, 29 U.S.C. § 794(a) (§ 504), that the mere beneficiaries or incidental beneficiaries of federal aid are not subject to statutory coverage.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a). The Rehabilitation Act does not define "receiving Federal financial assistance" or "recipient," but the United States Supreme Court has made clear that mere beneficiaries or incidental beneficiaries of federal aid are not subject to statutory coverage. B.M. ex rel. M.F. v. Thompson, 2013 WL 4547344, *10 -11 (M.D. Fla. August 27, 2013) (citing U.S. Dep't of Transportation v. Paralyzed Veterans of America, 447 U.S. 597, 603–610 (1986)).  Thus the Motion to strike Affirmative Defense Number 14 is due to be denied.

### *Affirmative Defense Number 15*

The Fifteenth Affirmative Defense states "To the extent Plaintiffs have standing to bring their Complaint, Plaintiffs lack standing to challenge any alleged barriers to access

not specifically encountered therein, and they lack standing to challenge any alleged barriers that do not impair their ability to access the facility." The Plaintiff states the Fifteenth Affirmative Defense should be stricken because it is redundant, as the Fourth Affirmative Defense challenges standing and further it is invalid as a matter of law.

Rather than strike the Fifteenth Affirmative Defense, the Court will proceed as it did with the Fourth Affirmative Defense and treat the Fifteenth Affirmative Defense as a denial.

### Affirmative Defense Number 16

Millennium's Sixteenth Affirmative Defense states "Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, to the extent the Complaint does not state the date on which Plaintiffs allegedly visited the subject premises." A statute of limitations defense is specifically enumerated in Fed. R. Civ. P. 8(c). Thus, the Motion to Strike is denied as to Affirmative Defense number 16.

### Affirmative Defense Number 17

Millennium states in its Seventeenth Affirmative Defense "Defendant acted with the good faith belief it complied with all applicable statutes and regulations at all times relevant to the allegations within the Complaint." The Plaintiff argues the Seventeenth Affirmative Defense because whether or not Millennium acted in good faith or not is irrelevant.

The Seventeenth Affirmative Defense is not an affirmative defense but a denial. . When a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a

specific denial. RG Group, Inc., 2012 WL 2735340, at *4. Thus, the Affirmative Defense will not be stricken but treated as a denial of the claims.

### *Affirmative Defense Number 18*

In the Eighteenth Affirmative Defense Millennium states "Plaintiffs failed to exhaust all administrative remedies. See, Lee v. Habashy, 2009 WL 349058 *5 (M.D. Fla. 2009)(citing Association of Disabled Am. V. Neptune Designs, Inc., 469 F.3d 1357,1360 (11th Cir. 2006) for the proposition that the district court may consider whether plaintiff's failure to ask for or to accept voluntary compliance prior to suit indicates the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble or expense." The Plaintiff responds that pre-suit notice is not required in order to institute a private action under the ADA.

Unlike some other civil rights statutes, the ADA does not require pre-suit notice for claims filed against private public accommodations. Assoc. of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (citing 42 U.S.C. §§ 12188(a)(1), 2000a-3(a)). A person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, and the district court may not dismiss the suit for lack of pre-suit notice. Assoc. of Disabled Americans, 469 F.3d at 1359. Thus, Millennium's Eighteenth Affirmative Defense is wrong as a matter of law and due to be stricken.

### *Affirmative Defense Number 19*

The Nineteenth Affirmative Defense states "To the extend [sic] any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for field conditions as defined by the ADAAG and the facility, when

taken as a whole, is compliant with the ADA and implementing regulations." The Nineteenth Affirmative Defense is not an affirmative Defense but a denial of the claims and will not be stricken, but will be treated as a denial instead.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Ronald J. Muschong, Darlene J. Mudd, Grover H. Mudd, and Ruth A. Arnold's Motion to Strike Defendant's Affirmative Defenses (Doc. #22) is **GRANTED in part and DENIED in part**.

(1) The Plaintiffs, Ronald J. Muschong, Darlene J. Mudd, Grover H. Mudd, and Ruth A. Arnold's Motion to Strike Defendant's Affirmative Defenses Numbers 1, 6, 12, 13, and 18 is **GRANTED**.

(2) The Plaintiffs, Ronald J. Muschong, Darlene J. Mudd, Grover H. Mudd, and Ruth A. Arnold's Motion to Strike Defendant's Affirmative Defenses Numbers 2, 3, 4, 5, 7, 8, 9, 10, 11, 14, 15, 16, 17, and 19 is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of March, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record