UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD J. MUSCHONG, DARLENE J.
MUDD, GROVER H. MUDD and RUTH
A. ARNOLD, an individual

       Plaintiffs,

v.                          Case No:  2:13-cv-705-FtM-38CM

MILLENNIUM PHYSICIAN GROUP,
LLC,

       Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiffs, Ronald Muschong, Darlene and Grover Mudd, and Ruth A. Arnold's Motion to Strike the Defendant's Affirmative Defenses (Doc. #38) filed on April 30, 2014.   The Defendant Millennium Physician's Group filed its Response is Opposition (Doc. #43) on June 16, 2014.  The Motion is now fully briefed and ripe for the Court's review.

Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170, *1 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and

cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170, at *1 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997)).

An Affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law. Microsoft Corp., 211 F.R.D. at 683. An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Harvey, 2005 WL 1421170, at *1. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. Id. (citing Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Hansen v. ABC Liquors, Inc., 2009 WL 3790447 *1 (M.D. Fla. Nov. 9, 2009). Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Hansen, 2009 WL 3790447 at *1 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Plaintiffs move to strike the Defendants Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13. The Court will address each affirmative defense in order.

*First Affirmative Defense*

The Defendant's First Affirmative Defense alleges, "to the extend [sic] any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for field conditions as defined by the ADAAG and the facility, when taken as a whole, is compliant with the ADA and implementing regulations." Millennium denies the claim that the alleged barriers are anything more than mere technical violations and therefore, the First Affirmative Defense is a denial. When a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial. Ramnarine v. RG Group, Inc., 2012 WL 2735340, *4 (S.D. Fla. July 9, 2012). Thus, the Court will not strike the First Affirmative Defense but treat it as a denial.

*Second Affirmative Defense*

The Second Affirmative Defense alleges, "some or all of Plaintiffs' claims are barred by the applicable statute of limitations." The second Affirmative Defense, although stated in general terms, gives the Plaintiff sufficient notice of a statute of limitations defense. Smith v Wal-Mart Stores, Inc., 2012 WL 2377840 *5 (N.D. Fla. June 25, 2012). Moreover a statute of limitations defense is specifically enumerated in Fed. R. Civ. P. 8(c). Thus, the Motion to Strike is denied as to the Second Affirmative Defense.

*Third Affirmative Defense*

The Third Affirmative Defense states, "[u]pon information and belief, Plaintiffs have failed to mitigate their damages, including bringing to the attention of Defendant any alleged barriers, or requesting Defendant provide any alternative access to its facility."

The Plaintiff says it should be stricken as the Defendant cannot succeed under any circumstances it can prove.

At the pleading stage, the Court will assume the truth of the facts asserted in both Plaintiff's Complaint and Defendant's Affirmative Defenses and not resolve factual disputes. Ramnarine v. RG Group, Inc., 2012 WL 2735340, 3 (S.D. Fla. July 9, 2012) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L.Ed.2d 59 (1984) ("the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."); Holtzman v. B/E Aerospace, 2008 WL 2225668, at * 1 (S.D. Fla. May 29, 2008) ("When considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense."). Here, the Defendants are making a factual challenge to the Plaintiff's claims and the Court must accept it as true at this point in the proceedings. Therefore, the Motion to strike the third affirmative defense is due to be denied.

### *Fourth Affirmative Defense*

The Fourth Affirmative Defense provides, "[b]ased upon information or belief, some or all of the Plaintiffs have no standing to bring these claims."  The Plaintiff argues the Fourth Affirmative Defense is invalid as a matter of law.  The Plaintiffs further claim the Amended Complaint provides a sufficient factual basis to support the Plaintiffs claims.

The Court rejects Plaintiff's argument that the Court should strike this affirmative defense because he has pled sufficient facts to demonstrate standing. At the pleading stage, the Court will assume the truth of the facts asserted in both Plaintiff's Complaint and Defendant's Affirmative Defenses and not resolve factual disputes. RG Group, Inc., 2012 WL 2735340 at * 3 (citing Hishon, 467 U.S. at 73) (holding "the Court must accept

all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."); Holtzman, 2008 WL 2225668, at *1 ("When considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense.").

Although standing is not listed among the eighteen defenses, nothing in the language of Rule 8(c) purports to limit what may be pled as affirmative defenses. Ramnarine v. CP RE Holdco 2009-1, LLC, 2013 WL 1788503, *4 (S.D. Fla. Apr. 26, 2013) (citing Gwin v. Curry, 161 F.R.D. 70, 71 (N.D. Ill. 1995) (describing Rule 8(c) as "set[ting] out a *nonexclusive* ... list of [affirmative defenses]")) (emphasis added). Moreover, numerous courts have allowed standing to be pled as an affirmative defense. *See, e.g.,* Achievement & Rehabilitation Ctrs., Inc. v. City of Lauderhill, 2012 WL 6061762, *1 (S.D. Fla. Dec. 6, 2012) ("there is no basis to strike affirmative defense[ ] ... 8 (standing) ....Th[is] defense[ ][is] not 'patently frivolous or clearly invalid as a matter of law. [It raises] substantial questions of law better decided after factual development."); Guididas v. Cmty. Nat'l Bank Corp., 2013 WL 230243, *2 (M.D. Fla. Jan. 22, 2013) ("The affirmative defense of standing is not insufficient nor frivolous and should not be stricken").

Nevertheless, it is true that some courts that have specifically analyzed whether standing qualifies as an affirmative defense have concluded that it does not for reasons other than the fact that standing does not appear on the Rule 8(c) list. *See* Native American Arts, Inc., 253 F.Supp.2d at 1045. In Native American Arts, Inc., for example, the court, in determining that the defendant had not waived the defense of standing by failing to plead it as an affirmative defense, first held that standing is not an affirmative defense because the plaintiff bears the burden of pleading and proving standing, whereas

5

the defendant must shoulder the burden of pleading and proof on affirmative defenses. Id.

The Native American Arts Court is, of course, correct that the party invoking federal jurisdiction shoulders the burden of proving standing. Bischoff v. Osceola Cnty., 222 F.3d 874, 878 (11th Cir.2000). And, the Eleventh Circuit has noted that the "[t]he party asserting an affirmative defense usually has the burden of proving it." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir.1988) (citation and internal quotation marks omitted). But even assuming that standing does not technically meet the definition of an affirmative defense, it may still be viewed as a type of denial. The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial. Lugo v. Cocozella, LLC, 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012) (citation omitted).  Whether regarded as a specific denial or an affirmative defense, Defendants' invocation of standing still "serve[s] the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co., 2008 WL 3200691, *1 (M.D. Fla. Aug.6, 2008). Nor, at this point, does whether Defendants' standing theory is regarded as a denial or an affirmative defense affect how the parties will proceed, as a practical matter. Therefore, the Court denies Plaintiff's Motion to Strike Millennium's Fourth Affirmative Defense and will treat the Fourth Affirmative Defense as a denial.

### Fifth Affirmative Defense

Defendant's Fifth Affirmative Defense alleges, to the extent any barriers to accessibility existed, Defendant provided legally sufficient alternative access and

equivalent facilitation.  The Plaintiff states the Defense is blatantly false.  Contrary to the Plaintiffs' position, when considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense. RG Group, Inc., 2012 WL 2735340, at *3 (citing Holtzman, 2008 WL 2225668, at * 1). Thus, the Motion to Strike the Fifth Affirmative Defense is denied.

<u>Sixth Affirmative Defense</u>

The Sixth Affirmative Defense provides that the Defendant "acted with the good faith belief it complied with all applicable statutes and regulations at all times relevant to the allegations within the Complaint."  The Plaintiff states the Defendant's belief that it complied is not relevant.  Millennium denies the claim that the alleged barriers are anything more than mere technical violations and therefore, the Sixth Affirmative Defense is a denial. When a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial. Ramnarine v. RG Group, Inc., 2012 WL 2735340, *4 (S.D. Fla. July 9, 2012). Thus, the Court will not strike the Sixth Affirmative Defense but treat it as a denial.

<u>Seventh Affirmative Defense</u>

Defendant's Seventh Affirmative Defense states, "[s]ubsequent remedial actions have rendered this case moot." Plaintiffs argue the Seventh Affirmative Defense should be stricken because it is factually inaccurate and invalid as a matter of law.  As noted above when considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense. RG Group, Inc., 2012 WL 2735340, at

3 (citing *Holtzman*, 2008 WL 2225668, at *1). Thus, the Motion to Strike the Seventh Affirmative Defense is due to be denied.

### *Eighth Affirmative Defense*

The Defendant's Eighth Affirmative Defense asserts that, to the extent that any barriers to accessibility do exist, removal of the same is not readily achievable. With respect to Defendant's Eighth Affirmative Defense, Plaintiffs state it should be stricken because it is insufficient as a matter of law.

The Eighth Affirmative Defense is not an affirmative defense but a denial of the Plaintiffs claim found in the Complaint that the barrier removal at the specified Millennium clinics are readily achievable. Millennium denies the claim that the barriers are readily removable and therefore, the Eighth Affirmative Defense is a denial. When a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial. RG Group, Inc., 2012 WL 2735340, at *4. Thus, the Court will not strike the Eighth Affirmative Defense but treat it as a denial.

### *Ninth Affirmative Defense*

Defendant's Ninth Affirmative Defense states that some of facilities at issue are existing facilities under the terms of the ADA and its regulations. The Plaintiff states the Ninth Affirmative Defense should be stricken because it is not an affirmative defense but a statement as to the state of the Defendant's facilities.

Contrary to the Plaintiffs' argument, the ADA subjects properties to different modification standards depending on when the properties were constructed. RG Group, Inc., 2012 WL 2735340, at *4. While newly constructed facilities must comply with the

ADA's Accessibility Guidelines, 28 C.F.R., Part 36 (hereinafter, the "ADAAG"), existing facilities need only make modifications when said modifications are "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Readily achievable" means "easily accomplished and able to be carried out without much difficulty or expense." RG Group, Inc., 2012 WL 2735340, at *4 (citing 28 C.F.R. § 36.304(a) (preexisting facilities must remedy accessibility barriers "where such removal is readily achievable, *i.e.,* easily accomplishable and able to be carried out without much difficulty or expense"). Even if a facility is not required to comply with the ADAAG, the ADAAG are still relevant for the purpose of evaluating whether architectural barriers are present in existing construction. RG Group, Inc., 2012 WL 2735340, at *4 (citing Parr v. L & L Drive–Inn Restaurant, 96 F.Supp.2d 1065, 1086 (D. Haw. 2000)). That stated, there is nothing improper about Defendant asserting an affirmative defense that it need not comply with the ADAAG for new construction if its structures were already in existence at the time the ADA took effect. Thus, the Motion to Strike the Ninth Affirmative Defense is denied.

### *Tenth Affirmative Defense*

The Tenth Affirmative Defense states that the requested alterations are structurally impractical. Plaintiffs argue the Tenth Affirmative Defense should be stricken because it is insufficient as a matter of law as it fails to provide fair notice as required by the Federal Rules of Civil Procedure. The term structurally impractical refers to the new construction standard and not the readily achievable or technically infeasible standard found for structures built prior to the ADA. Lugo v. Cocozella, LLC., 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012). However, as noted above, when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is

not to strike the claim but rather to treat it as a specific denial. RG Group, Inc., 2012 WL 2735340, at *4. Thus, the Court will not strike the Tenth Affirmative Defense but treat it as denial.

### Eleventh Affirmative Defense

The Eleventh Affirmative Defense states, "Defendant has made reasonable modifications in policies, practices and procedures to the extent necessary to afford goods, services, facilities, privileges, advantages or accommodations to disabled individuals."  The Plaintiff argues that the Eleventh Affirmative Defense is untrue as demonstrated by the fact that the Plaintiff was unable to use the restroom, in order to provide a urine sample, at the Defendant's facility.

Again, as noted above when considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense. RG Group, Inc., 2012 WL 2735340, at 3 (citing Holtzman, 2008 WL 2225668, at * 1). Thus, the Motion to Strike the Eleventh Affirmative Defense is due to be denied.

### Twelfth Affirmative Defense

Defendant's Twelfth Affirmative Defense states, "Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, to the extent the Complaint does not state the date on which Plaintiffs allegedly visited the subject premises." A statute of limitations defense is specifically enumerated in Fed. R. Civ. P. 8(c). Thus, the Motion to Strike is denied as to the Twelfth Affirmative Defense.

### Thirteenth Affirmative Defense

Defendant's Thirteenth Affirmative Defense alleges, "Defendant is not a direct recipient or a program or activity receiving federal financial aid for purposes of applying

the Rehabilitation Act." Plaintiffs argue that this defense should be stricken because it is false because Defendant obtains Medicare payments for treatment of patients.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a). The Rehabilitation Act does not define "receiving Federal financial assistance" or "recipient," but the United States Supreme Court has made clear that mere beneficiaries or incidental beneficiaries of federal aid are not subject to statutory coverage. B.M. ex rel. M.F. v. Thompson, 2013 WL 4547344, *10 -11 (M.D. Fla. Aug. 27, 2013). Thus the Motion to strike the Thirteenth Affirmative Defense is denied.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Ronald Muschong, Darlene and Grover Mudd, and Ruth A. Arnold's Motion to Strike the Defendant's Affirmative Defenses (Doc. #38) is **DENIED**.  Affirmative Defenses numbers One, Four, Six, Eight, and Ten will be treated as denials rather than affirmative defenses.  However, they will not be stricken from the Answer and Affirmative defenses.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record